**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DAPHNE MEWHINNEY,

    Defendant - Appellant.

No. 15-3196
(D.C. No. 6:13-CR-10197-EFM-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Daphne MeWhinney appeals from a judgment of the United States

District Court for the District of Kansas, which revoked her probation and sentenced her

to 18 months' imprisonment.  Discerning no nonfrivolous issues for appeal, defense

counsel submitted an _Anders_ brief and a motion for leave to withdraw.  _See Anders v._

_California_, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to

withdraw" where counsel conscientiously examines a case and determines that any

appeal would be "wholly frivolous"); _United States v. Calderon_, 428 F.3d 928, 930 (10th

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Cir. 2005); *see also* 10th Cir. R. 46.4(B)(1). Defendant filed a response, but the government chose not to respond. After conducting our own "full examination of all the proceedings," *Anders*, 386 U.S. at 744, we agree with counsel that there are no nonfrivolous issues for appeal. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we dismiss this appeal and grant counsel's motion to withdraw.

Defendant pleaded guilty to one count of wire fraud. *See* 18 U.S.C. § 1343. Based on an offense level of five and a criminal-history category of II, her guidelines sentencing range was zero to six months. The court sentenced her to a three-year term of probation and ordered her to pay a $100 special assessment and $2,104.08 in restitution. One condition of her probation was to maintain employment unless excused by her probation officer.

Defendant falsified job-search logs and failed to make restitution payments; so the court modified her conditions of release to require that she reside in a residential re-entry program for up to 120 days. On her second day, she absconded. The probation office recommended that her probation be revoked, and the court issued a warrant for her arrest. After almost a month on the lam, she was arrested.

At Defendant's revocation hearing she admitted to violating three conditions of her probation: absconding from the residential re-entry program, failing to maintain employment, and failing to follow her probation officer's instructions. The court found that she had violated those conditions and revoked her probation. The court determined that all three violations were Grade C violations, *see* USSG § 7B1.1(a)(3)(B); and with a criminal-history category of II, her advisory guidelines range was four to ten months'

2

imprisonment, *see id.* § 7B1.4(a).  The government recommended a 10-month term of incarceration because of her exceptionally poor compliance with the terms of her probation.  Defense counsel requested that she be placed back on probation with additional restrictions, pointing to (1) her responsibility to care for eight children, including one child with special needs, and her elderly grandfather; (2) her diagnosis of anxiety and depression; and (3) her other medical conditions, including a separated shoulder and an ulcer.

The court sentenced her to 18 months' imprisonment.  After stating that it could not recall another defendant who had absconded from a residential re-entry program so quickly, it continued:

> I would have to say that [Defendant] is certainly a finalist for the least compliant person on supervision that I've seen.  . . . [S]he appeared to sabotage her attempts to gain employment with the way she dressed and the way she would answer classes, that she made false reports as to her efforts to find employment, that she, after complaining that she couldn't get employment due to transportation, was given bus passes but still would not actually be looking for employment, that she would go through classes designed to help her with employment and would either sleep through them or be so argumentative about them that at least on one case she was asked to leave the class.  . . . [S]he falsely reported that she made applications which she, in fact, did not make.

R. at 131–32.  The court observed, "There's nothing in the report that I've seen that indicates, on really any single issue, she was compliant with her conditions of supervision."  R. at 133.  It concluded that a term of supervised release would be futile and that the 18-month sentence "satisfies the objectives of sentencing I'm required to consider in a case such as this where I'm revoking probation.  I think it's sufficient and certainly not greater than necessary - - frankly, it's slightly less than I came in here

3

planning to do, to be honest with you - - that are necessary to reflect her performance . . . while on probation . . . ." R. at 135.

Defense counsel's *Anders* brief conceded the following: (1) there was no procedural error because the court fulfilled its constitutional due-process requirements; (2) there was no arguable error in the district court's decision to revoke probation because Defendant knowingly and voluntarily admitted the violations; and (3) her sentence was both procedurally and substantively reasonable. In response to that brief, Defendant "ask[s] for a new trial or a sentence reduction due to my health and my family." Dkt. 1/11/16 response to *Anders* Brief at 4. She also contends that the judge failed to consider her family and health needs and it was unfair that she was "punished for not having a job considering everything." *Id.*

After conducting a full review of the record, we agree with counsel that there are no nonfrivolous grounds for appeal. In particular, we note that the district court considered the concerns expressed in Defendant's brief in this court. At the revocation hearing her counsel argued at length about her family obligations and medical conditions, and the district court addressed those issues. We will not now on appeal reweigh those considerations. *See United States v. Lente*, 759 F.3d 1149, 1158 (10th Cir. 2014) ("We must . . . defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings." (internal quotation marks omitted)). And the district court did not impose an 18-month sentence simply because she did not have a job. Rather, it properly considered that she had purposefully sabotaged her ability to obtain a job and falsified her job logs.

4

**CONCLUSION**

We can discern no nonfrivolous ground for appealing Defendant's sentence. We therefore DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Harris L Hartz
Circuit Judge